IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN CAMERON ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12-3300 |
| | ) | |
| STATE OF ILLINOIS, a Governmental Entity; ILLINOIS STATE POLICE, an Illinois Governmental Entity; CITY OF LINCOLN, a Municipal Corporation; CITY OF LINCOLN POLICE DEPARTMENT, an Illinois Local Governmental Entity;  LOGAN COUNTY, ILLINOIS, a Municipal Corporation;  LOGAN COUNTY SHERIFF'S OFFICE, an Illinois Local Governmental Entity; DAVID OLTMANNS, Officer of City of Lincoln Police Department; OTHER UNKNOWN ILLINOIS STATE POLICE OFFICERS as Employees and Agents of the State of Illinois, an Illinois Governmental Entity; UNKNOWN LOGAN COUNTY SHERIFF'S DEPARTMENT OFFICERS as Employees and Agents of Logan County, Illinois, a Municipal Corporation; and OTHER UNKNOWN CITY OF LINCOLN POLICE OFFICERS as Employees and Agents of the City of Lincoln, a Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on the Motion to Dismiss filed by Logan County, Illinois and the Logan County Sheriff's Office. The Motion is GRANTED IN PART and DENIED IN PART. Because Counts I, II, III, and VIII fail to state a claim against Logan County, Illinois and the Logan County Sheriff's Office, those counts are dismissed, without prejudice, and with leave to refile. However, Logan County, Illinois and the Logan County Sheriff's Office have not shown that Counts IV, V, VI, and VII fail to state a claim against them. Therefore, those counts will not be dismissed.

## I. BACKGROUND

On November 8, 2012, Plaintiff filed an eight-count Complaint against the State of Illinois; the Illinois State Police; the City of Lincoln; the City of Lincoln Police Department; Logan County, Illinois; the Logan County Sheriff's Department; City of Lincoln police officer David Oltmanns; other unknown Illinois State Police Officers; unknown Logan County Sheriff's Department Officers; and other Unknown City of Lincoln Police Officers. On December 17, 2012, Defendants Logan County, Illinois and Logan County Sheriff's Office filed a Motion to Dismiss, which also noted that the Logan

County Sheriff's Office was incorrectly named as the Logan County Sheriff's Department.  See Def.'s Motion (d/e 17).  Plaintiff appears to accept this correction to the name of the Sheriff's Office.  See Pl.'s Resp. (d/e 20) (referring to the Logan County Sheriff's Office).  Therefore, "Logan County Sheriff's Office" shall be substituted for "Logan County Sheriff's Department" and this change is to be reflected in all future filings in this case.

Plaintiff's Complaint contains three claims pursuant to 42 U.S.C. § 1983 (Counts I through III) and five state-law claims (Counts IV through VIII).  Plaintiff seeks $1,000,000 in compensatory damages, $1,000,000 in punitive damages, and attorney fees and costs.

Plaintiff alleges that the incident complained of occurred on March 11, 2011 at the Recreation Center in Lincoln, Illinois.  Cmplt. ¶ 12.  On that date, Plaintiff, age 17, was a passenger in his mother's vehicle.  Cmplt. ¶ 14.  According to Plaintiff, Defendant Oltmanns, a City of Lincoln police officer, threw a handcuffed Plaintiff on the ground without reasonable justification or probable cause.  Cmplt. ¶ 15.  This caused Plaintiff to land on his knee and

hit his mouth on the ground.  Cmplt. ¶ 15.  The unknown officers, including Logan County Sheriff's officers, witnessed Oltmanns' excessive use of force and did not make any attempt to intervene or stop him.  Cmplt. ¶¶ 17, 11.  Plaintiff alleges he did not attempt to strike or resist Oltmanns.  Cmplt. ¶ 18.  As a result of Oltmanns' conduct, Plaintiff suffered injury to his knee and a broken tooth, as well as mental and emotional pain.  Cmplt. ¶¶ 16, 20.

Count I purports to state an excessive force claim against Oltmanns and the unknown officers pursuant to 42 U.S.C. § 1983.  Cmplt. ¶¶ 23-26.  Plaintiff alleges the acts of Oltmanns and the unknown officers violated Plaintiff's Fourth Amendment right to be free from the use of excessive and unreasonable force.  Cmplt. ¶ 25.

Count II purports to state a conspiracy claim against Oltmanns and the unknown officers pursuant to 42 U.S.C. § 1983.  Cmplt. ¶¶ 27-32.  Plaintiff alleges that Oltmanns and the unknown officers reached an agreement to deprive Plaintiff of his constitutional rights and to protect one another from liability for depriving Plaintiff of his rights.  Cmplt. ¶ 28.  Plaintiff also alleges:

> [Plaintiff's] injuries were caused by employees of the [Illinois State Police, Lincoln Police Department, and Logan County Sheriff's Office] including but not limited to the individually named Defendants, who acted pursuant to the policies and practices of the [Illinois State Police, Lincoln Police Department, and Logan County Sheriff's Office] as described above.

Cmplt. ¶ 32.

Count III purports to allege a failure-to-intervene claim against "one or more Defendants" pursuant to 42 U.S.C. § 1983. Cmplt. ¶¶ 33-37. Plaintiff alleges that one or more Defendants had the opportunity to prevent the violation of Plaintiff's constitutional rights but failed to do so. Cmplt. ¶ 34. Plaintiff also alleges:

> [Plaintiff's] injuries were caused by employees of the [Illinois State Police, Lincoln Police Department, and the Logan County Sheriff's Office] including but not limited to the individually named Defendants, who acted pursuant to the policies and practices of the [Illinois State Police, Lincoln Police Department, and the Logan County Sheriff's Office] as described in the preceding paragraphs.

Cmplt. ¶ 37. Plaintiff's Complaint also contains various state law claims: Count IV (intentional infliction of emotional distress), Count

V (respondeat superior); Count VI (assault and battery); Count VII (indemnification); Count VIII (civil conspiracy).

On December 10, 2012, Defendants City of Lincoln, City of Lincoln Police Department, David Oltmanns, and Other Unknown City of Lincoln Police Officers filed an Answer to Complaint and Affirmative Defenses.  See d/e 14.  On January 20, 2013, Defendants State of Illinois and Illinois State Police filed a Motion to Dismiss.  See d/e 21.  On February 8, 2013, Plaintiff voluntarily dismissed his claims against Defendants State of Illinois and Illinois State Police.  See d/e 23.

On December 17, 2012, Defendants Logan County, Illinois and Logan County Sheriff's Office (hereinafter the Logan County Defendants) filed their Motion to Dismiss.  The Logan County Defendants assert that (1) Counts I, II, and III fail to state a cause of action because Plaintiff fails to give notice of the basis of liability asserted against the Logan County Defendants; and (2) the state law claims fail to state a claim against the Logan County Defendants.  The Motion to Dismiss is granted in part and denied in part.

## II. JURISDICTION AND VENUE

Because Plaintiff brought a civil rights action pursuant to 42 U.S.C. §1983, this Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1331.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Venue is proper because the events giving rise to the claim occurred in Lincoln, Illinois.  See 28 U.S.C. § 1391(b)(2) (a civil action may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred).

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  For purposes of the motion, a court must accept as true all well-pleaded allegations contained in the complaint and draw all inferences in the light most favorable to the non-moving party. Estate of Davis v. Wells Fargo Bank, 633 F.3d 529, 533 (7th Cir. 2011).  To avoid dismissal for failure to state a claim, the complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff must provide more than "boilerplate allegations" to survive the motion to dismiss. Eckert v. City of Chicago, 2009 WL 1409707,*6 (N.D. Ill. 2009).

### IV. ANALYSIS

**A. The Federal Law Claims Brought Against the Logan County Defendants Are Dismissed Without Prejudice For Failure to State a Claim.**

To maintain a § 1983 claim against the Logan County Defendants, Plaintiff must demonstrate that his constitutional

rights were violated by some official policy or custom.  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978) (a local government is responsible under § 1983 "when execution of a government's policy or custom . . . inflicts the injury").  "It is not enough to assert that the municipality is responsible under a theory of respondent superior."  King v. Kramer, 680 F.3d 1013, 1020 (7th Cir. 2012).

A plaintiff may establish an official policy or custom by showing:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted).  Plaintiff asserts, in response to the Motion to Dismiss, that he has satisfied the notice pleading requirements by

alleging that an express policy caused the constitutional deprivation.

Plaintiff alleges in Counts II and III that his injuries were caused by, among others, employees of the Logan County Sheriff's Office acting pursuant to the policies and practices of the Logan County Sheriff's Office.  Cmplt. ¶ 32 (Count II), ¶ 37 (Count III).  No such allegation is contained in Count I.

While a heightened pleading standard does not apply to claims against municipalities, the allegation of a "custom, policy, or practice" must amount to more than boilerplate allegations and must put the defendants on notice of the plaintiff's claim.  Eckert, 2009 WL 1409707, at *6 ("a plaintiff must provide more than boilerplate allegations to survive a motion to dismiss"; see also Twombly, 550 U.S. at 555 (allegations must provide the defendant with "fair notice" of the claim).  In this case, although Plaintiff has alleged that a policy and practice caused his injuries, Plaintiff has alleged no facts indicating the type of policy or practice that existed.  See Banks v. Village of Bellwood, 2011 WL 5509572, at *2 (N.D. Ill. 2011) (alleging that a municipality has "a policy in place without

identifying what the policy or custom actually was is not enough to survive a motion to dismiss under Rule 12(b)(6)").

Therefore, Counts I, II, and III against the Logan County Defendants are dismissed without prejudice and with leave to replead. If Plaintiff chooses to replead Counts I through III against the Logan County Defendants, Plaintiff is reminded that municipalities are immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

**B.    The Motion to Dismiss the State Law Claims Asserted in Counts IV, V, VI, and VII is Denied, But the Motion to Dismiss Count VIII is Granted.**

The Logan County Defendants also seek to dismiss the state law claims.

Plaintiff apparently bases the Logan County Defendants' liability in Counts IV (intentional infliction of emotional distress), V (respondeat superior), VI (assault and battery), and VII (indemnification) on a respondent superior theory. In those counts, Plaintiff alleges that the defendants, including unknown Logan County officers, were acting within the scope of their employment during the March 11, 2011 incident and that their employers are

liable for their conduct. In contrast, Count VIII (civil conspiracy) does not contain any allegations regarding unknown officers acting in the scope of their employment. Therefore, liability on Counts IV, V, VI, and VII is apparently based on respondeat superior while liability on Count VIII against the Logan County Defendants is a primary liability claim. The Logan County Defendants seek to dismiss the state law claims on several different grounds.

First, the Logan County Defendants assert that because all of the federal law counts against them must be dismissed, this Court should reject exercising supplemental jurisdiction over the state-law counts against them. Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction where, among other reasons, "the district court has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In this case, although the Court has dismissed the federal claims against the Logan County Defendants, federal claims remain pending against the City of Lincoln, City of Lincoln Police Department, and Officer Oltmanns (the City of Lincoln Defendants), who have answered the Complaint. See d/e 14. The state claims against the Logan County Defendants derive from the same nucleus of operative facts as the federal claims against the City of Lincoln Defendants. Therefore, this Court has not dismissed all claims over which it has original jurisdiction and may still exercise supplemental jurisdiction over the state claims alleged against the Logan County Defendants. Hansen v. Board of Trustees of Hamilton Southeastern School Corp., 551 F.3d 599,608 (7th Cir. 2008) (holding that the district court retained supplemental jurisdiction over the state law claims against the school district, even after granting summary judgment on the federal claim against the school district, because the district court still had original jurisdiction over a pending federal claim against the co-defendant); Webb v. City of

Joliet, 2005 WL 1126555, at * 10 (N.D. Ill. 2005) (where the court dismisses all the federal claims against one defendant but federal claims remain against other defendants, the court has no basis for relinquishing supplemental jurisdiction over the state law claims).

Second, the Logan County Defendants argue that all the state law claims must be dismissed because the claims fail to identify any individual acting on behalf of or at the direction of the Logan County Defendants.

Counts IV, V, and VI allege that unknown Logan County officers committed the unlawful acts within the scope of their employment for which their employers are liable.  Under Illinois state law, an employer may be held liable for the willful and wanton acts of its employees under a theory of respondeat superior even if the plaintiff does not name the employees as parties in the complaint.  See Williams v. Rodriguez, 509 F.3d 392, 405 (7th Cir. 2007) ("our determination that the unnamed defendant is not himself a properly named defendant in this suit does not negate the City's potential liability for his conduct"); Prate v. Village of Downers Grove, 2011 WL 5374100, at *6 (N.D. Ill. 2011) (noting that under

Illinois law, a plaintiff need not individually name the officers as parties to the lawsuit in order to recover against the village on a respondeat superior theory).

Similarly, Plaintiff need not name a specific individual to recover on the indemnification claim in Count VII.  An indemnification claim may be filed prior to finding an employee liable.  See Roehl v. Merrilees, 2012 WL 1192093, at *12-13  (N.D. Ill. 2012) (motion to dismiss indemnification claim filed against the village was denied where the plaintiff stated a state law tort claim against the defendant officers acting within the scope of their employment); but see Lewis v. Weis, 2012 WL 45242, at *2 (N.D. Ill. 2012) (dismissing the indemnification count without prejudice because indemnity under 745 ILCS 10/9-102 "is dependent on the employee being found liable for damages . . . which cannot happen with the Unknown Officer dismissed from this case").  Therefore, Plaintiff's failure to identify by name the Logan County officers who allegedly committed the willful and wanton acts does not support dismissal of Counts IV, V, VI, and VII at this time.

Third, the Logan County Defendants argue that Count VIII (civil conspiracy) must be dismissed because Plaintiff fails to allege any facts whatsoever that could constitute the minimum notice required to assert a state court conspiracy theory. Plaintiff responds that he has met the minimal pleading requirements.

Under Illinois law, the "elements of civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." Fritz v. Johnston, 209 Ill.2d 302, 317 (2004).

Plaintiff alleges the following:

> 55.  Paragraphs 1 through 23 of this Complaint are incorporated as if restated fully herein.
>
> 56.  As described more fully in the preceding paragraphs, the individual Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

> 57. In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.
>
> 58. The misconduct described in this Court was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.
>
> 59. As a proximate result of Defendants' conspiracy, Plaintiff suffered[] injuries, including, but not limited to emotional distress, as is more fully alleged above.

Paragraphs 1 through 11 of the Complaint allege the Court's jurisdiction, venue, and the identity of the parties. Paragraphs 12 through 22 contain allegations regarding the March 11, 2011 incident, including allegations that Oltmanns, a City of Lincoln police officer, threw Plaintiff to the ground, caused injury, and that other officers witnessed the use of force and did not make any attempt to stop it. Paragraph 23 incorporates paragraphs 1 through 23.

No language in Count VIII suggests that Plaintiff is seeking to hold the Logan County Defendants liable on a respondeat superior liability theory. Count VIII expressly references that the individual Defendants, including Oltmanns, the unknown Logan County

Sheriff's Office officers, and the unknown City of Lincoln officers, acted in concert. The reference to the individual Defendants suggests that Count VIII is not brought against the Logan County Defendants. If Count VIII is directed at the Logan County Defendants, the allegations are nothing more than boilerplate allegations that do not put the Logan County Defendants on notice of what they allegedly did in furtherance of an alleged conspiracy. Therefore, Count VIII is dismissed without prejudice and with leave to replead.

Finally, the Logan County Defendants argue that Count V must be dismissed because it improperly seeks to hold the Logan County Defendants liable under § 1983 on a respondeat superior theory. See, e.g., Monell, 436 U.S. at 691("a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Count V, which is labeled "respondeat superior," refers to the factual allegations made in the § 1983 counts (Counts I, II, and III). However, the Court interprets this Count as seeking to hold the Logan County Defendants liable for tortious acts of an employee based on the other state law Counts. While this Count may be

duplicitous, this Court will not dismiss it on the grounds raised by the Logan County Defendants.  See  Huerta v. Village of Carol Stream, 2009 WL 2747279, at *3 (N.D. Ill. 2009) (finding that the claims against the municipality for respondeat superior and indemnification may lie but only with respect to the state law claims that stated a claim for relief); Warfield v. City of Chicago, 565 F. Supp. 2d 948, 968 (N.D. Ill. 2008) (respondeat superior claim survived only as to the remaining state law claim against the individual defendants).

## V. CONCLUSION

For the reasons stated, the Motion to Dismiss filed by Defendants Logan County, Illinois, and Logan County Sheriff's Office (d/e 17) is GRANTED IN PART and DENIED IN PART.  Counts I, II, III, and VIII are DISMISSED WITHOUT PREJUDICE and with leave to replead.  The Motion to Dismiss Counts IV, V, VI, and VII are DENIED.  Plaintiff is granted leave to file an Amended Complaint on or before March 11, 2013.  The Amended Complaint will supersede the prior Complaint in its entirety.  All remaining

Defendants shall answer or otherwise plead to the Amended Complaint on or before March 25, 2013.

ENTER: February 21, 2013

FOR THE COURT:

                <u>s/Sue E Myerscough</u>
                SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE